[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 08, 2001
THOMAS K. KAHN
CLERK

No. 99-2426

_____

D. C. Docket No. 98-00288-CR-T-26E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN LAWRENCE RILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 8, 2001)**

ON PETITION FOR REHEARING

Before BIRCH and HULL, Circuit Judges, and TIDWELL[*], District Judge.

PER CURIAM:

This case is before this Court for rehearing on the sentencing issue involving

---

[*] Honorable G. Ernest Tidwell, U.S. District Judge for the Northern District of Georgia, sitting by designation.

18 U.S.C. § 924(c)(1).  See United States v. Riley, 211 F.3d 1207 (11th Cir.) ("Riley I"), vacated in part, 232 F.3d 844 (11th Cir. 2000) ("Riley II").

The jury convicted the Defendant-Appellant Steven Lawrence Riley ("Riley") of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371, armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using and carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  At sentencing, the district court found that the type of weapon Riley had carried during the robbery was a semiautomatic assault weapon known as an Intratec Tec-9.  Based on that fact, the district court increased Riley's sentence on his firearm offense from five years to ten years pursuant to § 924(c)(1).  The district court then sentenced Riley to 121 months' imprisonment on each robbery-related offense to run concurrently, and 10 years' imprisonment on the firearm offense to run consecutively as mandated by § 924(c)(1).

In Riley I, this Court affirmed Riley's convictions and sentences.  See Riley I, 211 F.3d at 1209.  Before the mandate issued, however, the Supreme Court decided Castillo v. United States, 120 S. Ct. 2090 (2000), involving an enhanced penalty under § 924(c)(1).  In light of Castillo, this Court vacated the portion of our prior opinion in Riley I addressing the § 924(c)(1) sentencing issue and directed the clerk to schedule this appeal for another oral argument.  See Riley II, 232 F.3d

2

at 844. After <u>de novo</u> review and oral argument, we again affirm Riley's 10 year consecutive sentence under 18 U.S.C. § 924(c)(1).[1] We first review <u>Castillo</u>. We then examine the version of § 924(c)(1) discussed in <u>Castillo</u>, the version in effect at the time of Riley's offense and indictment, and then the restructured version of § 924(c)(1) in effect at the time of Riley's sentencing.

In <u>Castillo</u>, the Supreme Court addressed the issue of whether "Congress intended the statutory references to particular firearm types in § 924(c)(1) to define a separate crime or simply to authorize an enhanced penalty." <u>Castillo</u>, 120 S. Ct. at 2092. Because the language and structure of the particular version of § 924(c)(1) was so important, the Supreme Court's <u>Castillo</u> opinion reprinted in its entirety, as an appendix to the opinion, the version of § 924(c)(1) applicable in <u>Castillo</u>. <u>See id.</u> at 2096-97. The Supreme Court emphasized that, at the time of the defendant's trial, the version of § 924(c)(1) read in relevant part:

> "(c)(1) Whoever, during and in relation to any crime of violence . . ., uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence . . ., be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle [or a] short-barreled shotgun to imprisonment for ten years, and if the firearm

---

[1] The parties agree that our review is <u>de novo</u> because at trial Riley raised constitutional objections to the district court's enhancing his sentence on his § 924(c) offense based on the type of weapon he carried. Riley's counsel also submitted a proposed jury instruction regarding the type of weapon which the district court rejected finding the type of weapon on a § 924(c)(1) offense was a sentencing factor. At sentencing, Riley's counsel renewed all objections.

3

> is a machinegun, or a destructive device, or is equipped
> with a firearm silencer or firearm muffler, to
> imprisonment for thirty years."

Id. at 2091-92 (quoting 18 U.S.C. § 924(c)(1) (1988 ed., Supp. V)). The Supreme

Court pointed out that, in this version of § 924(c)(1), "Congress placed the element

'uses or carries a firearm' and the word 'machinegun' in a single sentence, not

broken up with dashes or separated into subsections." Castillo, 120 S. Ct. at 2093.

After analyzing the structure of this particular version of § 924(c)(1), the Supreme

Court determined that "the basic job of the entire first sentence is the definition of

crimes," id., and that "Congress intended that the firearm type-related words it

used in § 924(c)(1) to refer to an element of a separate, aggravated crime," id. at

2096. Thus, the Supreme Court concluded that the type of weapon referred to in

this version of § 924(c)(1) was part of the crime, not merely a sentencing

enhancement, and thus was an issue for the jury, rather than the sentencing court.

See id.

The version of § 924(c)(1) which Riley contends is applicable to his case has

the same structure as the one at issue in Castillo. Compare 18 U.S.C. § 924(c)(1)

(1994 ed., Supp. III) with 18 U.S.C. § 924(c)(1) (1988 ed., Supp. V). Specifically,

this version of § 924(c)(1) reads the same except that a "semiautomatic assault

weapon" has been added to the list of weapons warranting a ten-year sentence, as

follows:

> (c)(1) Whoever, during and in relation to any crime of violence . . ., uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence . . ., be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun, <u>or semiautomatic assault weapon,</u> to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

18 U.S.C. § 924(c)(1) (1994 ed., Supp. III) (modified to include "semiautomatic assault weapon" by the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796) (emphasis supplied). Therefore, assuming this quoted version of § 924(c)(1) applies as Riley contends, the district court erred under <u>Castillo</u> by determining that Riley had carried a semiautomatic assault weapon known as an Intratec Tec-9 during the robbery, rather than submitting that determination to the jury. <u>See Castillo</u>, 120 S. Ct. at 2096.

We note that there is an issue, however, as to whether a later version of § 924(c)(1) may apply to Riley's sentence. In 1998, Congress changed significantly the structure of § 924(c)(1) by separating the substantive crime from the penalty provisions and placing those penalty provisions into different subsections. <u>See</u> 18 U.S.C. § 924(c)(1)(A) to (D) (1994 ed., Supp. IV). The 1998 version of § 924(c) became effective on November 13, 1998, after the robbery and Riley's indictment, but before Riley's sentencing in February 1999. <u>See</u> Pub. L. 105-386, § 1(a)(1),

5

112 Stat. 3469 (codified as 18 U.S.C. § 924(c)(1)(A)-(D) (November 13, 1998)).

Compare 18 U.S.C. § 924(c)(1) (1994 ed., Supp. III) with 18 U.S.C. §

924(c)(1)(A)-(D) (1994 ed., Supp. IV) (1998 version, currently codified as 18

U.S.C. § 924(c)(1)(A)-(D) (2000)).[2]  This Court and several other circuits have

---

[2] Although in Castillo the Supreme Court construed an earlier version of § 924(c)(1), the Supreme Court pointed out that "in 1998 Congress reenacted § 924(c)(1), separating different parts of the first sentence (and others) into different subsections."  120 S. Ct. at 2093.  The 1998 version of § 924(c)(1) reads in full:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . –
>      (i) be sentenced to a term of imprisonment of not less than 5 years;
>      (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>      (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
>
> (B) If the firearm possessed by a person convicted of a violation of this subsection–
>      (i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or
>      (ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.
>
> (C) In the case of a second or subsequent conviction under this subsection, the person shall–
>      (i) be sentenced to a term of imprisonment of not less than 25 years; and
>      (ii) if the firearm involved is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, be sentenced to imprisonment of life.
>
> (D) Notwithstanding any other provision of law–
>      (i) a court shall not place on probation any person convicted of a violation of this

6

held that certain factors in the penalty provisions of the new, restructured §

924(c)(1) are sentencing factors, and not elements of the crime.[3] Thus, there may

be no error at all if the 1998 version applies to Riley's case.

However, we need not resolve whether the 1998 version controls Riley's

sentence.[4] Even if the older version of § 924(c)(1) applies and the district court

erred under Castillo, that error was harmless beyond a reasonable doubt given the

---

subsection; and
    (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1)(A)-(D) (1994 ed., Supp. IV).

[3] See, e.g., United States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000) (finding that "the discharge of a weapon" under the new § 924(c)(1)(A)(iii) is a sentencing factor and not an element of the offense); United States v. Harris, 243 F.3d 806, 812 (4th Cir. March 20, 2001) (brandishing a firearm during a § 924(c)(1)(A)(ii) offense is sentencing factor); United States v. Sandoval, 241 F.3d 549, 552 (7th Cir. Feb. 20, 2001) ("[T]he classification of the weapon used in a § 924(c) prosecution is a sentencing factor."); United States v. Carlson, 217 F.3d 986, 989 (8th Cir. 2000) (brandishing a firearm during a § 924(c)(1)(A)(ii) offense is sentencing factor); but see United States v. Bandy, 239 F.3d 802, 807 (6th Cir. Jan. 30, 2001) (holding that type of weapon used during a § 924(c) offense is an element of the offense to be proved beyond a reasonable doubt under the 1998 version of the statute).

[4] "The general rule is that a defendant should be sentenced under the law in effect at the time of sentencing. . . . The rule does not apply, however, if the application of the law in effect at the time of sentencing would violate the ex post facto provision of the Constitution." United States v. Grimes, 142 F.3d 1342, 1351 (11th Cir. 1998) (internal citations omitted); United States v. Sloan, 97 F.3d 1378, 1381 n.4 (11th Cir. 1996). We need not determine whether application of the 1998 version of § 924(c)(1) would violate the ex post facto provision of the Constitution because Riley's sentence is due to be affirmed even if the older version of § 924(c)(1) applies to Riley's case.

evidence at trial.[5] Specifically, the government presented overwhelming evidence at trial that the type of firearm used and carried by Riley during the commission of the bank robbery was an Intratec Tec-9 semiautomatic assault weapon. The government's evidence included: (1) a post-arrest taped confession by Riley where he admitted using a "Tech 9" during the robbery; (2) a co-conspirator's testimony that Riley had used a "Tech 9" during the robbery; (3) a bank surveillance photograph depicting Riley holding the weapon; (4) a witness in the bank who identified the weapon recovered on the front seat of the stolen car used in the robbery as the weapon used during the robbery; and (5) an expert who testified that this weapon used during the robbery was a functioning, loaded "Intra-tec 9 millimeter semiautomatic handgun." Riley did not dispute this overwhelming evidence. Because of this evidence, we conclude this Castillo error was harmless beyond a reasonable doubt. See Neder v. United States, 527 U.S. 1, 19-20 (1999); United States v. Nealy, 232 F.3d 825, 829-30 (11th Cir. 2000).

---

[5] "[W]e review a Defendant's [preserved] constitutional issue de novo, but we will reverse or remand only for harmful error." United States v. Nealy, 232 F.3d 825, 829 (11th Cir. 2000) (citing United States v. Mills, 138 F.3d 928, 937-39 (11th Cir. 1998)). To determine whether the removal of an element from the jury's consideration is harmless error, "this Court is to consider 'whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.'" United States v. Neder, 197 F.3d 1122, 1128 (11th Cir. 1999) (quoting Neder v. United States, 527 U.S. 1, 19 (1999)). "If it is clear 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained,' then the error is harmless." Neder, 197 F.3d at 1128 (citing Neder, 527 U.S. at 15-6 (quoting Chapman v. California, 386 U.S. 18, 24 (1967))).

In conclusion, we again affirm Riley's convictions and sentences.

**AFFIRMED.**