[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15347
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2005
THOMAS  K. KAHN
CLERK

D.C. Docket No. 04-00001-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN JAMES LOVE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

**(May 6, 2005)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Franklin James Love appeals his 70-month sentence for transportation of

child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (2005).  On appeal,

Love argues: (i) that the district court failed to resolve factual disputes regarding the Presentence Investigation Report ("PSI"), violating Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure ; and (ii) that the district court violated Blakely v. Washington, 124 S.Ct. 2531 (2004) when it enhanced his sentence based on judicially-determined facts that were neither admitted nor proven to a jury. We need not reach Love's Rule 32 contentions, as his preserved Blakely (now Booker) claim requires that we vacate his sentence and remand for resentencing.

BACKGROUND

Love pled guilty to transporting child pornogrophy, in violation of 18 U.S.C. § 2252A(a)(1), and to criminal forfeiture of the computer which he used in transmitting the pornography, pursuant to 18 U.S.C. § 2253(a). Love's PSI calculated his base offense level at 17, but added a two-level increase based on a finding that the pornography involved a minor younger than age 12, under § 2G2.2(b)(1) of the guidelines. The PSI then included an additional five-level increase, concluding that the pornographic material was distributed to an individual Love thought was a minor. See U.S.S.G. § 2G2.2(b)(2)(c). The PSI recommended a further four-level increase based on a characterization of the pornography as "sadistic" within the meaning of § 2G2.2(b)(3). Finally, the PSI

2

suggested a two-level increase because a computer was used to transmit the material, per § 2G2.2(b)(5). With the enhancements, as well as a three-level reduction for acceptance of responsibility, the offense level stood at 27. With a criminal history category of I, that resulted in a guidelines range of 70 to 87 months.

Love objected to the offense-level enhancements both on factual grounds and on the basis of Blakely, which he argued required the factual basis for the enhancements to be proven to a jury. Though the district court adopted the PSI's findings of fact, the court expressed serious misgivings about the length of the guidelines sentencing range, stating that "if there were any way for me to depart in this case, I would." Finding no permissible basis for a departure, the court ultimately sentenced Love to 70 months, the minimum sentence permissible under the guidelines. Love appealed.

## STANDARD OF REVIEW

Because Love made his Blakely objection before the district court, preserving it for appellate review, we review his sentence de novo, but will reverse only for harmful error. United States v. Riley, 250 F.3d 1303, 1307 n.5 (11th Cir. 2001).

## DISCUSSION

3

The Sixth Amendment requires that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict . . . be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 125 S.Ct. 738, 756 (2005). In order to render the federal sentencing guidelines compatible with the Sixth Amendment's jury trial guarantee, Booker excised the provision of the federal sentencing statute that made the guidelines mandatory. Booker, 125 S.Ct. at 764-65. Thus, we have held that even where there is no Sixth Amendment violation, sentencing a defendant under the prior mandatory guidelines system, standing alone, represents statutory Booker error. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, Love's sentence was infected by both constitutional and statutory Booker error. His offense level was increased based on judicial findings as to the "sadistic" content of the pornography he transported, the age of those depicted in the pornography, and the age of the recipient of the pornography. Love admitted none of those facts, nor were they proven to a jury. Furthermore, though Love admitted the use of a computer, the sentence enhancement based on transmitting the pornography via computer was administered under a mandatory guidelines system.

4

Because Love has preserved his <u>Booker</u> claim, we must reverse unless we find the <u>Booker</u> error harmless beyond a reasonable doubt.  <u>United States v. Paz</u>, No. 04-14829, 2005 U.S. App. LEXIS 5380 at *4-5 (11th Cir. April 5, 2005).  The government's brief concedes that in light of the district court's express desire to impose a less severe sentence than the guidelines mandated, the error is not harmless.  As such, we vacate the district court's judgment and remand for resentencing.

**VACATED AND REMANDED.**