**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2005
THOMAS K. KAHN
CLERK

No. 04-14036
Non-Argument Calendar

_____

D.C. Docket No. 04-00019-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN KANGAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 16, 2005)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

John Kangas appeals his 120-month sentence imposed after he pled guilty to

one count of possessing child pornography, in violation of 18 U.S.C.

§ 2252A(a)(5) (2005).[1]  On appeal, Kangas argues that, in light of <u>Blakely v.</u> <u>Washington</u>, 124 S.Ct. 2531 (2004), the district court erred in enhancing his sentence based on Kangas's prior federal child pornography conviction where that conviction was not charged in the indictment, proved to a jury, or expressly admitted.  Kangas further contends that the Supreme Court's decision in <u>Almendarez-Torrez v. United States</u>, 523 U.S. 224 (1998) (holding that the fact of a prior conviction need not be alleged in the indictment or submitted to the jury), does not apply to a defendant who has not admitted to his prior conviction. Kangas argues that <u>Almendarez-Torrez</u> has been "gravely wounded" by the subsequent decisions of  <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely</u>, and as such, should only be applied to cases where the facts closely match those addressed in <u>Almendarez-Torrez</u>.

## STANDARD OF REVIEW

Because Kangas raised his <u>Blakely</u> challenge below, preserving the issue for appellate review, we review his sentence <u>de novo</u>, but will reverse and remand only for harmful error.  <u>United States v. Riley</u>, 250 F.3d 1303, 1307 n.5 (11th Cir. 2001).

---

[1] As discussed below, the order of judgment entered by the district court erroneously cites the statute of conviction as "18 U.S.C. § 2252A(a)(2)" rather than 18 U.S.C. § 2252A(a)(5).

## DISCUSSION

Kangas was sentenced pursuant to 18 U.S.C. § 2252A(b)(2), which provides for a minimum sentence of 10 years' imprisonment for a violation of § 2252A(a)(5) if the defendant has a prior federal child pornography conviction. Based on his prior conviction, for which Kangas was still under supervised release at the time of his offense, the district court sentenced Kangas to the statutory minimum of ten years (120 months) in prison.

In United States v. Booker, 125 S.Ct. 738 (2005), which was announced after the parties filed their appellate briefs, the Supreme Court held that the mandatory nature of the guidelines rendered them incompatible with the Sixth Amendment's jury trial guarantee. However, Booker makes clear that there is no Sixth Amendment violation where the district court uses prior convictions to enhance a defendant's sentence. See Booker, 125 S.Ct. at 756 ("Any fact (*other than a prior conviction*), which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added). Booker thus casts no constitutional doubt on a district court's ability to rely on prior convictions to enhance a defendant's sentence, as the defendant's prior conviction "must itself have been established through

procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." United States v. Orduno-Mireles, No. 04-12630, 2005 U.S. App. LEXIS 5442 at *6 (11th Cir. April 6, 2005). We thus reject Kangas's contention that the Blakely line of cases requires that prior convictions be admitted by the defendant or found by a jury beyond a reasonable doubt.

Nor can we find non-constitutional "statutory" Booker error in Kangas's sentence. Non-constitutional Booker error occurs where the district court sentenced a defendant under 18 U.S.C. § 3553(b)(1) – the now-excised provision which rendered the Sentencing Guidelines range binding on the district court. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). In this case, Kangas was not sentenced within a guidelines range, rendered mandatory by § 3553(b)(1). Rather, he was sentenced under the minimum 120 month sentence provided for in the criminal statute itself. 18 U.S.C. § 2252A(b)(2) (prescribing a 120 month minimum sentence for violators of 18 U.S.C. § 2252A(a)(5) with a prior child pornography or child sex abuse conviction). Under these circumstances, where even after the excise of § 3553(b)(1) Kangas would be subject to the same 120-month minimum sentence, any non-constitutional Booker error that could have affected the computation of his guidelines range was harmless. See Shelton, 400 F.3d at 1333 n.10 ("We emphasize that the district

4

court was, and still is, bound by the statutory minimums."); see also, United States v. Sharpley, 399 F.3d 123, 127 (2d. Cir. 2005) (where defendant's sentence was set to statutory minimum for child sex offenders, any non-constitutional Booker error in computation of lower guidelines offense level was harmless, as defendant could obtain no improvement in his sentence upon remand for discretionary sentencing).

While we thus find no reversible error in the district court's 120-month sentence, there appears to be an inconsistency between the charge to which Kangas pled and was sentenced and the charge that appears in the judgment. Kangas pled guilty to *possession* of child pornography, which violates 18 U.S.C. § 2252A(a)(5). However, the indictment and order of judgment erroneously reference § 2252A(a)(2), which criminalizes the *distribution or receipt* of child pornography. The entirety of the record, particularly the fact that Kangas was sentenced under § 2252A(b)(2)'s 10 year statutory minimum, which applies only to violations of § 2252A(a)(5), make clear that the order of judgment's reference to 18 U.S.C. § 2252A(a)(2) is erroneous and should have referenced 18 U.S.C. § 2252A(a)(5).

Though neither of the parties raised this issue, we may raise the issue of clerical errors in the judgment sua sponte and remand with instructions that the

5

district court correct the errors. See United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (remanding with directions to the district court to correct the clerical errors where the statute cited in the judgment and commitment order was incorrect). Although we affirm Kangas's sentence as to the Booker issues raised on appeal, we vacate and remand for the limited purpose of correcting this error. See Anderton, 136 F.3d at 751.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**.