[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 9, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-14605
Non-Argument Calendar

_____

D.C. Docket No. 04-00079-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY GENE SHIVERS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(June 9, 2005)**

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Bobby Gene Shivers appeals his sentence of thirty months imprisonment,

imposed following his guilty plea for possession of a firearm by a convicted felon,

in violation of 18 U.S.C. § 922(g). On appeal, he challenges his sentence in light of <u>Blakely v. Washington</u>, 542 U.S. –, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and <u>United States v. Booker</u>, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)

Shivers was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He agreed to plead guilty without a negotiated plea agreement.

At the change-of-plea hearing, the government proffered that it could prove that police observed Shivers loitering in a known drug area and approached Shivers to inquire whether he had a controlled substance or weapon. Shivers admitted that he had a gun, and he handed police a .38 caliber firearm. In a later statement to ATF agents, Shivers admitted that the gun was his. The government further stated that it had Shivers's prior conviction record, demonstrating that Shivers had a 1979 state conviction for armed robbery, a 1984 conviction for a controlled substance offense, and a 1988 federal conviction for bank robbery. Shivers admitted that the factual proffer was correct and entered a plea of guilty, which the court accepted.

The presentence investigation report ("PSI") calculated a total offense level of 17, without any extra-verdict enhancements, and a criminal history category III

based on Shivers's prior convictions, resulting in a guidelines range of 30 to 37 months imprisonment.

Shivers did not file any objections to the PSI, but moved the court to declare the guidelines unconstitutional in light of Blakely. The district court denied the motion, noting that Blakely was inapplicable because Shivers's sentence was based on prior convictions. The court sentenced Shivers to 30 months imprisonment, stating that this sentence was "adequate."

We review a defendant's preserved challenges to his sentence de novo but will reverse and remand only for harmful error. United States v. Riley, 250 F.3d 1303, 1307 n.5 (11th Cir. 2001).

In Booker, the Supreme Court reiterated its previous holding that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 749, 756. The Court then determined that the mandatory nature of the sentencing guidelines was incompatible with its constitutional holding, and, therefore, the guidelines could be advisory only. The Court, however, explained that although the guidelines were advisory only, courts

should consider the guidelines in addition to the sentencing factors in 18 U.S.C. § 3553(a), in determining a reasonable sentence. 125 S.Ct. at 756-57, 764.

Here, Shivers cannot show any constitutional error in his sentence based on the use of a prior conviction. Even after Booker, the government is not required to plead or prove to a jury a defendant's prior convictions and there is no constitutional error when the court imposes sentence based on these prior convictions. United States v. Shelton, 400 F.3d 1325, 1327 (11th Cir. 2005). Moreover, Shivers admitted during the plea colloquy that the government could prove his prior convictions. Thus, he has admitted the facts for Booker purposes. See United States v. Raad, No. 04-15300, slip op. at 2020 n.1 (11th Cir. April 21, 2005); Shelton, 400 F.3d at 1333 n.10. Because the government is not required to plead or prove prior convictions under Booker, and Shivers admitted to his prior conviction at the change-of-plea hearing, there is no constitutional error in his sentence.

Although there is no Sixth Amendment violation in this case, there is statutory error because the court imposed sentence under a mandatory guideline scheme. Thus, the burden falls on the government to show that the error was harmless. United States v. Mathenia, No. 04-15250, manuscript op. at 5-6 (11th Cir. May 23, 2005). "A non-constitutional error is harmless if, viewing the

4

proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect."[1] Id. at 5-6 (citations and quotations omitted).

Here, we cannot say that the government has met its burden to show that the error was harmless. In imposing a sentence of 30 months imprisonment, the district court stated that the sentence was "adequate." We cannot determine from this comment whether the court would have sentenced Shivers differently had it known the guidelines were not mandatory, but advisory only. Because we do not know, the government has not met its burden. United States v. Petho, No. 04-15412 manuscript op. at 4 (11th Cir. May 18, 2005); United States v. Davis, No. 04-14585 (11th Cir. May 4, 2005).

Accordingly, we VACATE and REMAND for resentencing.

---

[1] The heightened "beyond a reasonable doubt" test applies to harmless error cases involving constitutional errors. United States v. Robles, No. 04-13598, slip op. at 2257 (11th Cir. May 10, 2005). Here, there is statutory, but not constitutional, error.