[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 1, 2004
THOMAS K. KAHN
CLERK

_____

No. 02-16809

_____

D.C. Docket No. 02-80042-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL ALAN MORTON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(April 1, 2004)**

Before BIRCH, KRAVITCH and FARRIS*, Circuit Judges.

PER CURIAM:

_____

*Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

This appeal presents an issue of first impression in this circuit. Sentencing Guideline § 2G2.2(b)(4) (2001) imposes a five-level enhancement to a defendant's base offense level for "a pattern of activity involving the sexual abuse or exploitation of a minor." The question we answer here is whether an actual minor must be involved or whether, instead, an undercover law enforcement officer masquerading as a minor will satisfy this provision and justify the enhancement.[1] We conclude that an undercover law enforcement officer posing as a minor qualifies as a "minor" under § 2G2.2(b)(4) and AFFIRM the judgment of the district court.

## I. BACKGROUND

Samuel Alan Morton was charged by superseding indictment with knowingly attempting to distribute child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(1); knowingly attempting to receive or reproduce a visual depiction of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(2); knowingly attempting to possess computer equipment containing visual depictions of minors engaging in sexually explicit conduct, in violation of 18

---

[1]In addition to appealing the district court's five-level enhancement under U.S.S.G. § 2G2.2(b)(4), Morton also argues that the district court erred in enhancing his sentences for images of violence, distributing child pornography in exchange for value, and depiction of prepubescent minors. Morton also contends that the district court erred in calculating his criminal history and abused its discretion in receiving opinion evidence. Because the record supports the district court's enhancements as to the violence of the images, the receipt of value, the prepubescent age of the children, as well as the calculation of Morton's criminal history, and the district court did not abuse its discretion in admitting evidence, we AFFIRM those rulings without discussion.

2

U.S.C. § 2252A(a)(4); and knowingly attempting to use a means of interstate commerce to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Morton entered a plea agreement and pled guilty to three of the four charges.[2]

The relevant facts are as follows: Morton contacted a Boca Raton police detective in an America OnLine® ("AOL") special interest chat room entitled "I love older men." R3 at 6. The detective was posing as a 13-year-old girl and Morton had numerous instant message and e-mail contacts with the detective's alias that were of a sexual nature. When the detective repeatedly reminded Morton that the alias was only a child, Morton explained that her age was what attracted him to her online personality. Id. at 7. Morton repeatedly asked when the alias would be home alone, and he wanted to know if they could meet and if she would like to lose her virginity with Morton. He also requested that the alias send him a photo of her "hard nipples." R1-3 at 9. That same week he sent the alias a digital photo of a minor female engaged in sex with an adult male, just after he typed, "im gona send you a pic to show you how we are gonna f...K." Id. at 11. Then he sent a photo of a minor female exhibiting her genitals and wrote, "tell me if your tittys are that size." Id. at 12.

---

[2]The only charge to which Morton did not plead guilty was knowingly attempting to receive or reproduce a visual depiction of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(2).

Morton also sent photos of an adult male ejaculating on a minor female's genitals; a young male engaged in oral sex with a minor female; another minor female exhibiting her genitals; an adult female, topless, on her knees and bending over; a nude girl with her legs spread open, coupled with another request for the alias to compare her breast size to the girl's in the photo; and an adult male engaging in sex with a minor female. Morton then typed, "you know how much trouble ide get into don't you," "ide go to jail for a long time," "that would kill me," "so you have my life in your hands," " you know that princess[.] I trust you . . . that's how much I love you angel[.]" Id. at 13. After a brief phone conversation, requested by Morton, Morton abruptly hung up and that detective never successfully contacted Morton again.

Later that month, Morton contacted another undercover detective—posing as a 14-year-old girl—in an AOL chat room. Morton offered to be the alias's boyfriend, asked about her vagina, sent a photo of himself, and asked for her telephone number. Morton requested that they meet for sex and had three phone conversations with the alias. During at least one of these phone conversations he told the alias that he wanted to meet for sex. R6 at 21.

A search warrant on Morton's residence was executed approximately two weeks later and a search of his computer revealed hundreds of photos sexually depicting children. According to a pediatrician qualified as an expert on the age

4

estimation of children depicted in pornographic images, some of the children depicted were under 12 years old.

Further investigation revealed that Morton had two conversations with a third law enforcement agent who was also posing as a minor online. Morton asked that alias to take photos of herself, the conversations were sexual, and Morton discussed meeting to have sex.

With Morton's behavior as background, his base offense level was calculated as 34.[3] This base offense level included a five-level enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor," pursuant to U.S.S.G. § 2G2.2(b)(4). Morton objected to this enhancement, arguing that no such pattern existed because he contacted undercover police officers, not minors.

At the sentencing hearing, three witnesses testified for the government to establish Morton's pattern of sexual exploitation of minors. First, Martin Ruiz De Gamboa, a Federal Bureau of Investigation Agent, testified that he interviewed

---

[3]Morton's base offense level was calculated as 34, with a criminal history of II, leading to an imprisonment range of 168-210 months. This base offense level initially included a 7-level enhancement under § 2G2.2(b)(2)(D) for "[d]istribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct." The district court, however, decided that Morton's offense fell more squarely within the language of § 2G2.2(b)(2)(B), requiring a 5-level enhancement instead: "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." R6 at 13-15. Thus, Morton's base offense level was reduced by the district court from 34 to 32, leading to an imprisonment range of 135 to 168 months. The district court ultimately sentenced Morton to 148 months. Id. at 163.

Morton while other agents were executing the search warrant. Gamboa testified that Morton admitted that he would visit chat rooms for the purpose of talking to minors about having sex and in order to have computer and phone sex. Gamboa also testified that Morton admitted to sending and receiving child pornography online. Gamboa testified that Morton also contacted a fourth law enforcement agent who was posing online as a 13-year-old girl. Morton gave this agent his phone number and sent the agent four images that depicted a minor girl performing oral sex. Gamboa further testified that Morton and the agent discussed meeting for sex during an online chat session. Through Gamboa, the government introduced audio tapes of three phone conversations Morton had with the agent where they discussed meeting to have sex, but Morton never actually set up a meeting. Gamboa testified that Morton tried to have phone sex with the agent but the agent terminated the phone conversations at that point. Gamboa testified that Morton was trying to exercise control over the agent because his attempts to have phone sex were consistent with the control pattern Gamboa has seen repeatedly with this type of sexual predator.

The government next called Patrick Paige, a detective with the Palm Beach County Sheriff's Office. Paige testified that he created a forensics report regarding the material on Morton's computer hard drive. Included in the report were downloaded movies that contained teen sex and a minor female and adult male

6

engaged in sexual conduct. Paige also testified that he found approximately 30 images of minors, including a male approximately 2 or 3 years old being digitally anally penetrated, a female under the age of 12 engaged in intercourse with an adult male, a composite containing several children under the age of 12 who were engaged in intercourse or were being anally penetrated, and a female under the age of 10. Paige testified that Morton's Internet history revealed that he had visited websites relating to rape and incest and websites entitled "Lolita Teens, Underage," "Pre-Lolita's.com," "Rape-XXX.com," and "Incest Action.com." R6 at 40-42. Paige explained that "Pre-Lolita's.com" contained images entitled "Pre 5-11 year olds, illegal, pre-illegal, K-I-D-S, 4-10 year olds," id. at 41, and Morton visited that website 45 times, id. at 42. On re-direct Paige testified that Morton had approximately 50-100 images in his AOL account.

Third, the government called John Young, a detective for the City of Delray Beach. Young testified that he met Morton in a chat room when he was undercover as the 14-year-old girl who was the second alias known to have been contacted by Morton. Young testified that Morton initiated contact with him and began discussing sex and what he wanted to do to Young's alias. Young also testified on cross-examination that Morton wanted to establish control over his alias so that she would not reveal their conversations and cause him to be prosecuted. According to Young,

Morton established control by calling himself "Daddy" and the alias "Baby Doll" or "Angel" and by trying to convince the alias to use a phone in her mother's room to talk to him even though the alias told Morton that she was not supposed to use her mother's phone. Id. at 64-65.

The district court concluded that the government had established a pattern of Morton trying to entice a minor to meet for the purpose of sex and accordingly imposed the five-level enhancement under U.S.S.G. § 2G2.2(b)(4). Morton timely appealed.

## II. DISCUSSION

We review the district court's "findings of fact for clear error and . . . application of the sentencing guidelines to the facts *de novo*." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002), cert. denied, 337 U.S. 1037, 123 S. Ct. 571 (2002).

Under U.S.S.G. § 2G2.2(b)(4) (2001), "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by **5** levels." Morton argues that no pattern existed because he did not contact minors, only undercover police officers. The government responds that Morton attempted to persuade at least three different minor females to meet him for sex, and emphasizes that the guidelines define a victim of sexual abuse to include undercover law

enforcement officers who have represented that they are less than 16 years old. U.S.S.G. § 2A3.2, comment. (n.1). As yet, we have not interpreted this section regarding whether conduct involving an undercover law enforcement officer can establish a pattern of activity to merit an enhancement. We conclude that it can.

The commentary to § 2G2.2(b)(4) states that a

'[p]attern of activity involving the sexual abuse or exploitation of a minor' means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a *minor* by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same or different *victims*; or (C) resulted in a conviction for such conduct.

U.S.S.G. § 2G2.2(b)(4), comment. (n.1) (emphasis added). The commentary defines a "minor" as "an individual who had not attained the age of 18 years," id., and also defines "victim" as specifically including undercover law enforcement officers, U.S.S.G. §§ 2A3.2, comment. (n.1); 2G1.1, comment. (n.1). Because "pattern of activity involving the sexual abuse or exploitation of a minor" is defined using the word "victim" interchangeably with the word "minor," we hold that a pattern of sexual abuse or exploitation involving an undercover law enforcement officer masquerading as a minor qualifies a defendant for an enhancement under this provision. See, e.g., Gustafson v. Alloyd Co., 513 U.S. 561, 575, 115 S. Ct. 1061,

9

1069 (1995) (noting that, under the doctrine of *noscitur a sociis*, "a word is known by the company it keeps").

Applying this analysis, the district court found a pattern of activity because of Morton's multiple contacts with the aliases at issue. We affirm the enhancement applied by the district court. Where, as here, the defendant evidences his intent to exploit and abuse what he treated as, and what he concluded to be, a minor—notwithstanding the charade by a law enforcement officer to pose as the minor—the enhancement is properly applied.

## III. CONCLUSION

Addressing an issue of first impression, we conclude that the district court properly enhanced Morton's sentence under U.S.S.G. § 2G2.2(b)(4) for a "pattern of activity involving the sexual abuse or exploitation of a minor" after he attempted to persuade what he thought were three minor females to meet with him for sex. We hold that an undercover law enforcement officer qualifies as a "minor" under this provision. Accordingly, the judgment of the district court is **AFFIRMED.**