[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 10, 2005
THOMAS  K. KAHN
CLERK

No. 02-16809
Non-Argument Calendar
_____

D. C. Docket No. 02-80042-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL ALAN MORTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 10, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before BIRCH, KRAVITCH and FARRIS[*], Circuit Judges.

PER CURIAM:

This case is before us for consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005). Morton v. United States, __ U.S. __, 125 S. Ct. 1338 (2005). We previously affirmed Morton's sentence. See United States v. Morton, 364 F.3d 1300 (11th Cir. 2004) (per curiam). On appeal, Morton had argued that the district court erred by finding that an undercover law enforcement officer posing as a minor qualified as a "minor" and that Morton's contact with that officer constituted a pattern of activity involving sexual abuse or exploitation of a minor. Id. at 1303-04. We held that the officer qualified as a minor under the sentencing guidelines and upheld the district court's enhancement of Morton's sentence. Id. at 1304. The Supreme Court vacated our prior judgment and remanded for further consideration in light of Booker.

Morton did not assert any error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) or any other case extending or applying the Apprendi principle during sentencing, in his initial brief on appeal, or in a petition for rehearing to this court.

---

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

In <u>United States v. Dockery</u>, 401 F.3d 1261 (11th Cir. 2005) (per curiam), we addressed a similar procedural situation: a remand from the Supreme Court with instructions to consider our opinion in light of <u>Booker</u> in an appeal in which the appellant did not raise either a constitutional or <u>Apprendi</u> challenge to his sentence. <u>Id.</u> at 1262. We applied "our well-established rule that issues . . . not timely raised in the briefs are deemed abandoned," reinstated our previous opinion, and affirmed Dockery's sentence. <u>Id.</u> at 1262-63 (quoting <u>United States v. Ardley</u>, 242 F.3d 989, 990 (11th Cir. 2001) (per curiam)). Such is the procedure we will follow in this case because Morton failed to raise an <u>Apprendi</u> challenge to his sentence in his initial brief.[1]

We reinstate our previous opinion and, upon reconsideration in light of <u>Booker</u>, pursuant to the Supreme Court's remand, affirm Morton's sentence.

**OPINION REINSTATED; SENTENCE AFFIRMED.**

---

[1] Even if we assumed Morton had raised a constitutional challenge to his sentence in his initial brief, his argument that the district court erred would not merit a reversal of his sentence under the plain error standard. On remand, Morton mentions that the district court commented during the plea hearing that it was "obligated to sentence" under the Sentencing Guidelines. R5 at 7-8. However, such a statement is insufficient to satisfy Morton's burden to show that there is a reasonable probability of a different result if the district court resentenced him under an advisory version of the guidelines. <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir.), <u>cert.</u> <u>denied</u>, __U.S.__, 125 S. Ct. 2935 (2005). The district court neither sentenced Morton on the low end of the guideline range nor expressed any reservation about imposing such a sentence. R6 at 6 at 160-61; <u>see</u> <u>United States v. Shelton</u>, 400 F.3d 1325, 1331 (11th Cir. 2005).