[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 19, 2006**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-14197
Non-Argument Calendar

_____

D. C. Docket No. 04-00001-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN JAMES LOVE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 19, 2006)**

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Franklin James Love appeals his 70-month sentence imposed after a remand from this Court. On appeal, Love argues that in resentencing him, the district court

(1) failed to resolve disputed facts and (2) imposed an unreasonable sentence. After review, we affirm.

## I. BACKGROUND

### A. Offense

Love pled guilty to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). Love contacted via the internet an undercover police officer posing as a 15-year-old boy using the screen name "Tyboy88 " and sent the undercover police officer emails containing child pornography. Over the course of a month, Love sent the undercover officer emails containing pictures of teenage males engaged in anal intercourse, nude teenage males, prepubescent females displaying their genitals in a lascivious manner, prepubescent females engaging in vaginal and anal intercourse with adult males and prepubescent females performing oral intercourse on adult males.

When FBI Agent James Hendricks visited Love at his home, Love admitted to collecting child pornography, some depicting children as young as two years old. He also admitted communicating with and sending images to Tyboy88, whom he thought was fifteen years old. When Agent Hendricks asked Love if Tyboy88 had told him how old he was, Love responded, "He told me he was fifteen." A subsequent search of Love's computer revealed approximately 650 images of adult

2

and child pornography.  The FBI confirmed that some of these images depicted victims of child sexual abuse.

**B.    First Sentence**

The presentence investigation report ("PSI") assigned Love a base offense level of 17 pursuant to U.S.S.G. § 2G2.2(a) (2003).  The PSI recommended four enhancements: (1) a two-level enhancement under § 2G2.2(b)(1) because the material involved a prepubescent minor or a minor under the age of 12; (2) a five-level enhancement under § 2G2.2(b)(2)(C) because the offense involved distribution to a person Love thought was a minor; (3) a four-level enhancement under § 2G2.2(b)(3) because the offense involved material portraying sadistic or masochistic imagery; and (4) a two-level enhancement under § 2G2.2(b)(5) for use of a computer.  After a three-level reduction under § 3E1.1 for acceptance of responsibility, the PSI calculated a total offense level of 27.  With a criminal history category 1, the PSI recommended a guideline range of 70 to 87 months' imprisonment.

Love objected to the five-level enhancement for distribution to a person Love thought was a minor because he did not believe the undercover officer was a minor.  The probation officer responded that the enhancement should apply, noting that Love's claim disputed information provided by Agent Hendricks that Love

3

had stated that he thought that Tyboy88 was a 15-year-old boy. The probation officer also cited United States v. Morton, 364 F.3d 1300 (11th Cir. 2004), vacated on other grounds, 125 S. Ct. 1338, opinion reinstated, 144 Fed. Appx. 804 (11th Cir.). cert. denied, 126 S. Ct. 785 (2005), for the proposition that an undercover officer posing as a minor is considered a minor for purposes of the Sentencing Guidelines. Prior to sentencing, Love also objected to the enhancements under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). The district court sentenced Love to 70 months' imprisonment, the low end of the guidelines range.

Love appealed to this Court, raising his Blakely claim and also arguing that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve the factual dispute regarding his belief that Tyboy88 was a minor. On May 6, 2005, we vacated Love's 70-month sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), but did not address Love's Rule 32 argument. See United States v. Love, No. 04-15347, 2005 WL 1074342 (11th Cir. 2005) (unpublished). In our prior opinion, this Court stated, "We need not reach Love's Rule 32 contentions, as his preserved Blakely (now Booker) claim requires that we vacate his sentence and remand for resentencing." Id. at *1.

C.    Resentencing

At resentencing, Love reiterated his previous objection to the PSI's factual contention that Love thought Tyboy88 was a minor and the corresponding recommended five-level enhancement under § 2G2.2(b)(2)(C). The government cited Morton and argued that, when a defendant is dealing with an undercover officer who represents himself to be a minor and the defendant does not refrain from further contact, the defendant accepts the representation that the officer is a minor. The district court, after considering the objections and the evidence, adopted the position of the probation officer in the PSI Addendum and ordered that the Addendum be attached to the statement of reasons.

When defense counsel again pressed the issue regarding Love's knowledge of Tyboy88's age, the district court expressed scepticism for Love's claim and stated that Love would need some evidence other than his own self-serving statement, as follows:

> Well, you know, Mr. Walker, I'm trying to take your argument seriously, but when an undercover agent tells someone like your client, I'm 15 years old, or I'm 14 years old, and then the defendant continues on with that conduct and doesn't cut off that conduct, other than every defendant at any time coming in Court and saying, well, I never actually saw the person, Judge, but in my mind I wasn't dealing with a minor. I mean, it's going to require some proof other than just the defendant saying, well, in my mind I wasn't dealing with a minor; particularly when you've got a case like this where the depictions and the images all involve minors. I mean, anybody that looks at them knows that there are minors involved. So all of these images that he's got, this six, or seven or 800, or however many of them that are out

there, are all minors; minor boys, minor girls. And then he's talking on the internet with these undercover officers, but yet he wants to say, I had no idea I was dealing with a minor. In my mind I wasn't dealing with a minor. In his mind, if he wasn't dealing with a minor, why wasn't this adult pornography?

The district court then noted that it struggled with this type of case, where the defendant has no prior criminal history, was employed, was otherwise a responsible citizen, had made efforts to rehabilitate and was not a trafficker. The court also noted that it had heard the evidence presented, had reviewed the PSI and had considered the parties' arguments. The district court then sentenced Love to 70 months' imprisonment, stating that it found "no reason to depart from the sentence called for by application of the advisory sentencing guidelines inasmuch as the facts as found are the kind contemplated by the Sentencing Commission."

## II. DISCUSSION

### A. Rule 32

Love asserts that the district court failed to resolve a factual dispute in the presentence investigation report ("PSI"). He contends that the district court merely adopted the PSI's findings, which was insufficient to satisfy Rule 32.[1]

When any portion of the PSI is disputed, Rule 32 requires the sentencing court to "rule on the dispute or determine that a ruling is unnecessary either

---

[1]We review a district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Grant, 397 F.3d 1330, 1332 (11th Cir. 2005).

6

because the matter will not affect the sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). We agree with Love that the mere adoption of the PSI does not satisfy the district court's obligation under Rule 32 to resolve objections raised at sentencing. United States v. Khawaja, 118 F.3d 1454, 1460 (11th Cir. 1997) (citing United States v. Page, 69 F.3d 482, 493-94 (11th Cir. 1995), which noted that findings in a PSI that have not considered the parties' objections may be unreliable).

However, the record shows that the district court did rule on Love's objection to the PSI's factual allegation that Love thought Tyboy88 was a minor. Contrary to Love's assertion, the district court did not adopt the PSI. Rather, the district court adopted the probation officer's response to Love's objection, contained in the PSI Addendum. In addition, the district court discussed on the record Love's contention that he did not know Tyboy88 was a minor, expressing scepticism about this claim and concluding that Love's self-serving statement was insufficient. Accordingly, the district court adequately resolved the disputed portion of the PSI against the defendant and satisfied its obligations under Rule 32.

## B. **Booker Reasonableness**

On appeal, Love argues that his 70-month sentence on remand is unreasonable under Booker. After Booker, a district court, in determining a

reasonable sentence, must consider the correctly calculated sentencing range under the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a). See Booker, 543 U.S. at ___, 125 S. Ct. at 764-66; United States v. Talley, ___ F.3d ___, No. 05-11353, 2005 WL 3235409, at *2 (11th Cir. Dec. 2, 2005).[2] We review a defendant's ultimate sentence, in its entirety, for unreasonableness in light of the factors in § 3553(a). See United States v. Winigear, 422 F.3d 1241, 1245 (11th Cir. 2005).

After review, we conclude that nothing in the record shows that Love's 70-month sentence is unreasonable. First, the district court imposed a sentence at the bottom of the guidelines range and almost one-third the length of the fifteen-year statutory maximum sentence. See Talley, 2005 WL 3235409, at *4 (explaining that, although we have declined to hold that a sentence within the guidelines range is per se reasonable, ordinarily we expect such a sentence to be reasonable); Winigear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed to the statutory maximum). The court also considered

---

[2]"The factors in § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range." United States v. Scott, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)). "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." Id. at 1329. Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice. Talley, 2005 WL 3235409, at *2; Scott, 426 F.3d at 1329-30.

8

the following facts in mitigation: Love (1) had no prior criminal history, (2) was gainfully employed and otherwise a responsible citizen, (3) had made efforts to rehabilitate, and (4) was only a viewer and transmitter, and not a trafficker, in child pornography. In other words, the district court considered the nature and circumstances of the offense and the history and characteristics of the defendant. Nonetheless, the district court concluded that these factors did not warrant imposing a sentence below that contemplated by the advisory guidelines range.

Love points to comments made by the district court during Love's initial sentencing wherein the district court expressed a desire to impose a lower sentence and stated that a 70-month sentence was too severe given that Love was only a viewer of child pornography and had no physical contact with children. These comments are insufficient to carry Love's burden to demonstrate that his post-remand sentence is unreasonable. While those comments aided Love in obtaining a Booker remand for the district court to sentence Love under advisory sentencing guidelines, those comments did not bind the district court to give a lesser sentence. Indeed, at resentencing, the district court again expressly considered the fact that Love was only a viewer and transmitter of child pornography and concluded that these facts were insufficient to warrant imposing a sentence below the advisory guidelines range. We cannot say that the district court's final determination on this

9

point was unreasonable.

For all these reasons, we affirm Love's 70-month sentence.

**AFFIRMED**.