**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

ROBERT THAYER STEVENS,
            *Defendant-Appellant.*

No. 05-30597

D.C. No.
CR-05-00034-RFC

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted
July 28, 2006—Portland, Oregon

Filed September 13, 2006

Before: Alfred T. Goodwin, A. Wallace Tashima, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Goodwin;
Dissent by Judge Graber

## COUNSEL

Mark S. Werner, Federal Defenders of Montana, Billings, Montana, for the defendant-appellant.

Marcia Hurd, Assistant U.S. Attorney, Billings, Montana, for the plaintiff-appellee.

## OPINION

GOODWIN, Circuit Judge:

Robert Stevens appeals a 30-year sentence imposed by the district court after Stevens plead guilty to one count of Receipt of Child Pornography and one count of Possession of

Child Pornography, both in violation of 18 U.S.C. § 2252A(a). For the reasons set forth below, we vacate the sentence and remand for resentencing.

I

The indictment and the plea agreement include only the most basic description of Stevens's criminal activities during 2003 and 2004. On count one, Receipt of Child Pornography, Stevens admitted he "knowingly received a visual depiction . . . of a minor engaging in sexually explicit conduct." On count two, Possession of Child Pornography, Stevens admitted he "knowingly possessed computer disks . . . which [he] knew contained visual depictions of minors engaged in sexually explicit conduct." The pre-sentence report, however, provides the sordid details of, among other things, Stevens's numerous online contacts with apparently underage girls, which he accompanied with pornographic materials and sexual solicitations.

The district court accepted the plea agreement and sentenced Stevens on November 18, 2005. In the course of calculating the defendant's base offense level under the advisory sentencing guidelines, the district court imposed a seven-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2)(D), which penalizes "distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct." Stevens objected to this enhancement because the pornographic materials at issue were not transmitted to a minor, but rather were sent to a law enforcement officer posing as a minor. The court overruled the objection, and sentenced Stevens to 20 years of imprisonment on count one and 10 years of imprisonment on count two, to be served consecutively. The district court entered the final judgment and sentence on November 23, 2005, and Stevens timely appealed.

II

Stevens's sole contention on appeal is that the district court's application of U.S.S.G. § 2G2.2(b)(2)(D), as amended in 2004, violated the constitutional prohibition against ex post facto laws.[1]

[1] A district court generally applies the version of the Sentencing Guidelines in effect on the date of a defendant's sentencing. U.S.S.G. § 1B1.11. However, the Ex Post Facto Clause of the U.S. Constitution requires the defendant to be sentenced under the guidelines in effect at the time of the offense if the guidelines have undergone substantive changes that would disadvantage the defendant. *See United States v. Alfaro*, 336 F.3d 876, 881 (9th Cir. 2003).

At both the time of sentencing and the apparent time of the alleged conduct, U.S.S.G. § 2G2.2(b)(2)(D) provided a seven-point base offense level increase for offenses involving "[d]istribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct . . . ." But, as Stevens points out, the scope of this subsection's application changed in 2004 when the Sentencing Commission expanded the definition of "minor."

[2] At the time Stevens committed the crimes, application note 1 to U.S.S.G. § 2G2.2 defined "minor" as "an individual who has not attained the age of 18 years." In 2005, at the time the district court imposed Stevens's sentence, the Sentencing Commission had amended the application note, so that it defined "minor" as "(A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or

---

[1]We observe, however, that Stevens's charged offenses did not involve "distribution." Were the issue before us, we would question the application of U.S.S.G. § 2G2.2(b)(2)(D) to offenses involving only "receipt" and "possession."

not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years."

Stevens argues that this modification is a substantive change rather than a clarification, and that therefore the district court erred by retroactively applying the amended definition. We agree.

**[3]** We have repeatedly stated that a guidelines amendment is substantive unless it "plainly serve[s] to clarify pre-existing law, rather than to alter it." *See United States v. Bishop*, 1 F.3d 910, 912 (9th Cir. 1993). Our decisions also favor the use of ordinary rules of construction to interpret guidelines definitions and their amendments. *See United States v. Lopez-Solis*, 447 F.3d 1201, 1205 (9th Cir. 2006). "Under ordinary rules of construction, the free-standing terms in the amended definition . . . have distinct definitions." 447 F.3d at 1205 n.10. Further, statutory construction which renders some words surplusage is to be avoided, and while "definitions may overlap, no definition should be completely subsumed within another." *Id*.

**[4]** Applying these principles, we hold that the 2004 amendment is substantive, not clarifying. The Government's contention that the unamended definition of "minor," a person "who has not attained the age of 18 years," includes a law enforcement officer over the age of 18 who is posing as a person under the age of 18, conflicts with the unambiguous language of the definition. We cannot adopt such an interpretation, as it would render the 2004 amendment unnecessary and meaningless.

**[5]** In addition, although the Sentencing Commission's characterization of the amendment is not binding, we gener-

ally afford it some weight. *See, e.g.*, *United States v. Aquino*, 242 F.3d 859, 865 (9th Cir. 2001). Here, the Commission characterized the amendment as "expanding" the definition of "minor," which strongly suggests that the Commission considered the amendment to be a substantive one. U.S.S.G., Amendment 664, Supplement to Appendix C (November 1, 2004) ("In response to the increase in the use of undercover officers in child pornography investigations, the amendment expands the definition of 'minor.' ")

The district court, however, reached the opposite conclusion after relying on a decision of the Eleventh Circuit which was published before the Sentencing Commission's 2004 amendment, *United States v. Morton*, 364 F.3d 1300 (11th Cir. 2004), *vacated and remanded*, 543 U.S. 1136, *opinion reinstated by* 144 Fed. Appx. 804 (11th Cir.), and *cert. denied*, 126 S.Ct. 785 (2005).

In *Morton*, the Eleventh Circuit considered whether a base offense level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4) involving "a pattern of activity involved the sexual abuse or exploitation of a minor" was properly imposed where the "minor" in question was actually a law enforcement officer masquerading as a minor. 364 F.3d at 1301. As in the present appeal, the defendant argued that the enhancement was improper because the definition of "minor" provided by the Sentencing Commission was limited to "individual[s] who ha[ve] not attained the age of 18 years."

The Eleventh Circuit affirmed the sentence, holding that law enforcement officers posing as minors qualified as "minors" for purposes of the enhancement. The court observed that subsection (b)(4) referenced both "minor" and "victim" in defining relevant conduct. From there, the court noted that the definition of "victim" provided by U.S.S.G. § 2A3.2 specifically included undercover law enforcement officers. The court then reasoned that because the terms "minor" and "vic-

tim" were used interchangeably, it could expand the definition of "minor" to be coextensive with "victim."

The Eleventh Circuit published its *Morton* opinion before the Sentencing Commission amended the definition of "minor" on November 1, 2004. It therefore did not have the benefit of the Commission's revisions, or its explanatory notes, upon which we rely in considering the question presented in this appeal.

Furthermore, after the Supreme Court vacated the opinion in the wake of *Booker v. United States*, 453 U.S. 220 (2005), *see* 543 U.S. 1136, the Eleventh Circuit reinstated its original opinion in a short unpublished decision in 2005. *See* 144 Fed. Appx. 804. Because that decision does not acknowledge the Sentencing Commission's 2004 amendment, *id.*, we cannot tell to what extent our sister circuit may have subsequently considered and rejected the reasoning set forth above. But to the extent that the Eleventh Circuit may still adhere to its opinion in *Morton*, we respectfully disagree.

## III

**[6]** By using the amended definition of "minor" and applying U.S.S.G. § 2G2.2(b)(2)(D), the district court increased Stevens's total offense level from 34 (151-188 months) to 41 (324-405 months). Despite the district court's disdain for Stevens and the crimes he freely admitted to committing, we cannot say on this record that the court would have imposed the same 360-month sentence had it not erred in its base offense level calculation.[2] *See United States v. Crawford*, 185 F.3d

---

[2]The dissent argues that the district court's error in misinterpreting U.S.S.G. § 2G2.2(b)(2)(D) was harmless because Stevens' actions constituted an attempt. That theory, however, was neither raised before the district court nor argued in the parties' principal briefs. We therefore decline to address it. *See United States v. Belden*, 957 F.2d 671, 674-75 (9th Cir. 1992).

1024, 1029 (9th Cir. 1999). We therefore vacate the sentence and remand for resentencing.

The sentence is VACATED and the cause is REMANDED.

---

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

Any error arising from the district court's interpretation of the term "minor" as used in U.S.S.G. § 2G2.2(b)(2)(D) is harmless.

First, it is undisputed that Defendant sent pornographic images of children to a law enforcement officer, believing and intending that he was distributing the materials to a minor. That act constituted an attempt to distribute the materials to a minor as a matter of law, even though the officer was not a minor. *See United States v. Meek*, 366 F.3d 705, 717-18 (9th Cir. 2004) (holding that an actual minor is not required to sustain an attempt conviction under 18 U.S.C. § 2422, only that the defendant believed that he was inducing a minor). Therefore, the § 2G2.2(b)(2)(D) enhancement was appropriate. *See id.* cmt. n.1 (defining "distribution" as "any act, including possession with intent to distribute, production, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor").

Additionally, in reaching its sentencing decision, the district court clearly was motivated by Defendant's atrocious related conduct and self-centered attitude. The record shows that the sentence would have been the same under the advisory system, regardless of which Guidelines section had applied.

For these reasons, I would affirm the sentence.