In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 06-3096

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

STEPHEN WAINWRIGHT,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 06 CR 0081—**John C. Shabaz**, *Judge.*

_____

ARGUED SEPTEMBER 19, 2007—DECIDED DECEMBER 4, 2007

_____

Before BAUER, MANION, and WOOD, *Circuit Judges.*

MANION, *Circuit Judge.* Stephen Wainwright pleaded guilty to distributing child pornography. The district court sentenced him to 151 months of imprisonment. Wainwright appeals, claiming that the district court erred in applying a five-level enhancement for distributing child pornography to a minor when it calculated his advisory guidelines range. We affirm.

I.

Wainwright, a Wisconsin resident, came to the attention of law enforcement as the result of another investigation into child pornography in Florida. Joe Burton, who had been arrested in Lake County, Florida, for the production and distribution of child pornography, told officers that he had received numerous images of child pornography from an individual using the screen name "gachknhawk." After law enforcement officials traced that screen name to Wainwright, they executed a search warrant at Wainwright's residence. Police recovered more than 600 images containing child pornography on Wainwright's computer, as well as approximately 100 videos containing child pornography. Some of the images contained sadistic or masochistic conduct such as bondage and adult males sodomizing prepubescent males. Law enforcement officials identified at least forty-five separate screen names that received images of child pornography from Wainwright's email address between 2004 and 2005. Further investigation revealed that Wainwright had a conviction for sexually abusing an adolescent minor in 1987, and, more recently, had admitted to molesting a thirteen-year-old boy in 2004 and 2005.

In April 2006, the government filed a one-count information in the Western District of Wisconsin, charging Wainwright with knowingly distributing a visual depiction of a minor engaged in sexually explicit conduct on May 11, 2004, in violation of 18 U.S.C. § 2252(a)(2). On September 6, 2006, Wainwright appeared before the district court and pleaded guilty to that charge.

The district court then proceeded to sentence Wainwright. The presentence report ("PSR") recommended a sentencing range of 121 to 151 months. That range included

a five-level enhancement for distribution of child pornography to a minor. The background section of the PSR stated that Wainwright had exchanged numerous emails containing movies and still images of child pornography, including exchanges with individuals who were under eighteen or who he believed were under the age of 18. Specifically, the PSR referenced the exchange of numerous sexually explicit emails and a sexually explicit video with a person using the screen name "Justified Facade - 16yo." The PSR also stated that the written content of many of Wainwright's emails to those with whom he was sharing child pornography reflected that he was communicating with, or believed he was communicating with, individuals under the age of 18. The district court asked Wainwright's counsel if there were any objections to the PSR, to which Wainwright's attorney replied that there were none. The court then found, among other things, that Wainwright had distributed child pornography to a minor and sentenced Wainwright to 151 months of imprisonment under the November 2003 guidelines manual. Wainwright appeals.

II.

On appeal, Wainwright asserts that the district court committed plain error by enhancing his offense level five levels for distribution of child pornography to a minor. The November 2003 sentencing guidelines provide that "[i]f the offense involved . . . [d]istribution to a minor, increase [the offense level] by 5 levels." U.S.S.G. § 2G2.2(b)(2)(C) (2003). The 2003 guidelines define "minor" as "an individual who had not attained the age of 18 years." *Id*. § 2G2.2 application note 1 (2003). While admitting that he believed that he was distributing child pornography to

minors, Wainwright argues on appeal that his offense level could only be enhanced under § 2G2.2(b)(2)(C) if the recipients were, in fact, under the age of eighteen. Wainwright claims that there was no evidence in the record that the individuals to whom he distributed child pornography were actually minors, as opposed to individuals posing as minors. Wainwright further contends that the district court appears to have relied on the first application note[1] to § 2G2.2 to expand the definition of "minors" to individuals who were over eighteen by including those who the defendant believed were minors. Wainwright insists that such an interpretation violated the plain language of both 18 U.S.C. § 2256(1), which defines minor as "any person under the age of eighteen years," and U.S.S.G. § 2G2.2(b)(2)(C).

This court has never addressed the question of whether a § 2G2.2(b)(2)(C) enhancement is appropriate for situations where the recipient of the child pornography is over eighteen, but believed by the defendant to be under eighteen. Other circuits have addressed that issue in the context of undercover police officers posing as minors. *Compare United States v. Morton*, 364 F.3d 1300, 1304 (11th Cir. 2004), *vacated and remanded*, 543 U.S. 1136, *opinion*

---

[1] The first application note to § 2G2.2 defines "[d]istribution to a minor" as "the knowing distribution to an individual who is a minor at the time of the offense, knowing or believing the individual is a minor at the time." *Id*. Wainwright claims that language expands the definition to mean that § 2G2.2(b)(2)(C) requires only a *belief* that the recipient of the pornography is a minor, even if the recipient is not a minor. We need not reach that issue here because the district court found that Wainwright distributed child pornography to a minor.

*reinstated by* 144 Fed. Appx. 804 (11th Cir.), *and cert. denied*, 546 U.S. 1053 (2005) (holding that an undercover law enforcement officer qualified as a "minor" under U.S.S.G. § 2G2.2(b)(4) based on the interchangeable use of "minor" and "victim" in the commentary to that guideline, as well as the definition of "victim" in the commentary), *with United States v. Stephens*, 462 F.3d 1169, 1172 (9th Cir. 2006) (holding that an enhancement for distribution of child pornography to a minor was improper because the pornographic materials at issue were transmitted to an undercover law enforcement officer who was not a minor). The guidelines have since been amended to redefine "minor" as including, in addition to an individual under the age of eighteen, "an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or . . . an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years." U.S.S.G., App. C, amend. 664 (Supp. 2004). These cases and the 2004 amendment involve undercover law enforcement officers, however, and not the situation of other adults posing as minors. Nonetheless, we need not decide whether the definition of "minor" contained in the application note to § 2G2.2 is broad enough to include non-law-enforcement adults posing as "minors," because in this case the district court made a finding of fact at sentencing that a five-level enhancement under § 2G2.2(b)(2)(C) was appropriate because Wainwright "distributed child pornography to a minor."

Wainwright challenges that factual finding on appeal. Because he failed to object to the § 2G2.2(b)(2)(C) enhance-

ment at sentencing, however, we review for plain error. *United States v. Grigg*, 442 F.3d 560, 563 (7th Cir. 2006). Plain error review requires us to determine whether: (1) error occurred; (2) the error was plain; and (3) the error affected the defendant's substantial rights. *United States v. Simpson*, 479 F.3d 492, 496 (7th Cir. 2007). If these criteria are met, we may reverse, in an exercise of discretion, if we determine that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Luepke*, 495 F.3d 443, 448 (7th Cir. 2007).

In this case, the sentencing judge had before him the PSR that stated that the written content of many of Wainwright's emails indicated that he was communicating with, or believed he was communicating with, individuals under the age of eighteen with whom he was sharing child pornography. Wainwright focuses on the "or," noting that the PSR's use of the disjunctive means that the individuals may not have been under the age of 18. However, the PSR also included the screen names of some of the individuals to whom Wainwright transmitted information, including "Justified Facade - 16yo." The district court could have interpreted that name as descriptive of the actual age of one of Wainwright's email correspondents.

Wainwright argues that the district court could not have relied on the screen name "Justified Facade - 16yo" to apply the § 2G2.2(b)(2)(C) enhancement because people often lie about their age on the internet. Wainwright did not present that argument to the district court. Had he presented such an argument, he would have given the government an opportunity to further support its position that the recipients included individuals under eighteen years of age. For instance, at oral argument

the government represented that the text of the chat messages between Wainwright and those to whom he sent child pornography, as well as web-camera images of the chat participants, demonstrated that the recipients of Wainwright's pornographic images were below the age of eighteen. Although that evidence is not currently in the record, it could have been had Wainwright brought this issue to the attention of the district court. Because Wainwright did not, our review is limited to plain error. Given this limited review, we cannot say that the district court committed plain error by relying on a screen name as evidence that at least one of the recipients was, in fact, under eighteen.

Moreover, even if we were to conclude that the district court committed plain error in enhancing Wainwright's sentence under § 2G2.2(b)(2)(C), the error did not substantially prejudice Wainwright—nor did it seriously affect the fairness, integrity, or public reputation of judicial proceedings—since he would have qualified for a five-level enhancement under § 2G2.2(b)(2)(B) to the 2003 guidelines, an enhancement he did not previously receive. Section 2G2.2(b)(2)(B) provides a five-level enhancement for "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(2)(B) (2003). Wainwright did not dispute that he exchanged emails with movies and still images containing child pornography. Sending images of child pornography in order to obtain more images of child pornography justifies a § 2G2.2(b)(2)(B) enhancement. *See United States v. Griffith*, 344 F.3d 714, 720 (7th Cir. 2003). Accordingly, even if Wainwright's offense level was improperly enhanced under § 2G2.2(b)(2)(C), he would still be subject upon resentencing to a five-level enhance-

ment for distribution in exchange for a thing of value under § 2G2.2(b)(2)(B). *See United States v. Thomas*, 453 F.3d 838, 847 (7th Cir. 2006) (finding no plain error where defendant would be in no better situation on remand).

### III.

The district court did not commit plain error by relying on the PSR to enhance Wainwright's base offense level five levels for distribution of child pornography to a minor. Moreover, any error that occurred neither substantially prejudiced Wainwright nor seriously affected the fairness, integrity, or public reputation of the judicial proceedings because Wainwright would have qualified for a different five-level enhancement for distributing child pornography in exchange for a thing of value. We AFFIRM.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*