UNITED STATES of America,
Plaintiff–Appellee,

v.

Mohammed Ragheb SALEM,
Defendant–Appellant.

No. 05–50564.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2008.

Filed June 13, 2008.

Bonnie L. Hobbs, Michael J. Raphael, Esq., Assistant U.S. Attorney, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Kenneth M. Stern, Law Offices of Kenneth M. Stern, Woodland Hills, CA, for Defendant–Appellant.

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

MEMORANDUM *

Mohammed Salem appeals his sentence. In June 2001, Salem was caught transferring boxes of pseudoephedrine, a methamphetamine precursor, between cars. A jury convicted Salem in September 2002 of conspiracy to possess and of possessing pseudoephedrine knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine. See 21 U.S.C. §§ 841(c)(2), 846.

The district court sentenced Salem in July 2005. The court applied the November 2004 version of the Guidelines, including U.S.S.G. § 2D1.11(a)—the provision covering the unlawful distribution, import, export, or possession of a listed chemical—because doing so would give Salem a lower sentencing range than would the 2001 version of § 2D1.11. United States v. Stevens, 462 F.3d 1169, 1170 (9th Cir.2006). A sentencing court must apply the Guidelines in effect at the time of sentencing unless doing so would create an ex post facto violation, in which case the court should apply the Guidelines in effect at the time of the offense—here, the 2001 version. U.S.S.G. § 1B1.11(a)-(b)(1). See, e.g., United States v. Alfaro, 336 F.3d 876, 881 (9th Cir.2003).

Salem brings two ex post facto challenges to his sentence. We apply de novo review to challenges to the district court's

interpretation of the Sentencing Guidelines and to " 'ex post facto challenges to sentencing decisions. . . .' " United States v. Staten, 466 F.3d 708, 713 (9th Cir.2006) (as amended) (citations omitted).

■ Salem first argues that the district court should have applied the cap provided in one section of the Guidelines (§ 2D1.1, covering drug offenses) in effect in 2002 along with the sentencing provision applicable to his offense (§ 2D1.11, covering precursor chemical offenses).[1] Applying the § 2D1.1 cap likely would have resulted in a lower sentencing range and sentence. Although Salem argues that the Sentencing Commission inadvertently failed to put a similar cap in § 2D1.11, he cannot show that the government did not have a legitimate interest in maintaining the distinction. See United States v. Alexander, 48 F.3d 1477, 1491 (9th Cir.1995); United States v. Harding, 971 F.2d 410, 413 (9th Cir.1992). Moreover, the court only needs to consider "clarifying" Guidelines amendments if applying the version in effect at the time of the offense, not at sentencing. See § 1B1.11(b)(3); United States v. Morgan, 376 F.3d 1002, 1010–11 (9th Cir.2004).

■ Salem's second ex post facto argument is that the court should have applied the 2002 Guidelines, not the 2004 (or 2001) version, because the 2002 version was the most "beneficial" to him. But § 1B1.11 does not permit him to rely on this third option. See also U.S.S.G. § 1B1.11(b)(3), cmt. n. 2 (2008). In any event, Salem seeks to have the 2002 version apply because § 2D1.1 had a lower cap at the time. Even if the 2002 version were somehow to apply despite § 1B1.11, § 2D1.1 does not cover his precursor chemical offense.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Sentencing Commission removed the § 2D1.1 cap in later versions of the Guidelines, and now uses the same sliding scale for § 2D1.1 and § 2D1.11.

■ Salem also contends that the district court's failure to apply the § 2D1.1 offense level cap violated due process. He argues that the delay in sentencing permitted various iterations of the Guidelines, and that the intermediate Guidelines should have been available to him. But § 2D1.1 applies to a different drug offense—not to a precursor chemical offense—and § 1B1.11 makes clear that only two versions of the Guidelines are applicable; neither is the intermediate version. Finally, to the extent that Salem contends that the distinction between § 2D1.1 (providing a level 30 cap) and § 2D1.11 somehow impaired his due process rights, he did not meet his burden of showing that the Sentencing Commission's choice was not related to a legitimate government interest. *United States v. Marcial-Santiago*, 447 F.3d 715, 719 & n. 5 (9th Cir.2006).

AFFIRMED.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.