**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50527 |
| Plaintiff - Appellee, | D.C. No. 8:07-cr-00024-AHS-1 |
| v. | |
| RENE BOUDEWIJN KOHLER, AKA Seal A, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Submitted December 7, 2009[**]
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Rene Boudewijn Kohler appeals his conviction of five counts of filing false

tax returns in violation of 26 U.S.C. § 7206(1) and his resulting sentence. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Mr. Kohler's conviction but remand for re-sentencing.

1. Mr. Kohler challenges the district court's failure to separately instruct the jury on his good faith defense. Because he failed to object to the jury instructions in the district court, we review for plain error. *United States v. Crowe*, 563 F.3d 969, 972–73 (9th Cir. 2009). Here, the jury instructions "fairly and adequately covered the issues presented." *United States v. Martinez-Martinez*, 369 F.3d 1076, 1084 (9th Cir. 2004). Because the district court also properly instructed the jury on the wilfulness element of the crime, an additional good faith instruction was not necessary. *See United States v. Pomponio*, 429 U.S. 10, 13 (1970); *United States v. Solomon*, 825 F.2d 1292, 1297 (9th Cir. 1987). As a result, the district court did not commit plain error in failing to separately instruct the jury on Mr. Kohler's good faith defense.

2. Nor did the district court plainly err by requiring Mr. Kohler to cooperate with the government in obtaining his DNA as a condition of his supervised release. District courts are statutorily obligated to impose this condition of supervised release on all convicted felons. 18 U.S.C. § 3583(d), 42 U.S.C. § 14135a(a)(2), (d)(1). Mr. Kohler was convicted on five felony counts, unambiguously bringing him within this requirement.

It is true that under 18 U.S.C. § 3583(c) district courts must consider various § 3553(a) factors in imposing a supervised release condition. These requirements, however, apply only to those conditions the district court may, but need not, impose; they do not apply to the imposition of statutorily required conditions of supervised release. *Cf. United States v. Jackson*, 189 F.3d 820, 823 (9th Cir. 1999) ("In imposing a term of supervised release, ordering discretionary conditions of supervised release, and modifying the conditions, the courts are to consider, among other things, the deterrent, protective, and rehabilitative purposes of sentencing . . . ."). Mr. Kohler's reading of § 3583 would destroy the distinction between mandatory and discretionary conditions of supervised release—a result that directly conflicts with the plain language and structure of the statute. Thus, the district court did not plainly err by imposing the condition pertaining to Mr. Kohler's DNA without referencing any 18 U.S.C. § 3553(a) factors.

3. We review the district court's interpretation of the Guidelines *de novo*, its application of the Guidelines for abuse of discretion, and its factual findings for clear error. *Crow*e, 563 F.3d at 977. Mr. Kohler first challenges his Guidelines calculation on the ground that under *United States v. Booker*, 543 U.S. 220 (2005), it was error for the district court, and not a jury, to find that the tax loss resulting from his unreported income was $638,286. However, *Booker* and its progeny do

3

not forbid judicial fact-finding; rather, those cases allow a judge to "find additional facts, so long as the judge treat[s] the Guidelines as advisory." *United States v. Williamson*, 439 F.3d 1125, 1140 (9th Cir. 2006); *see also United States v. Hickey*, 580 F.3d 922, 932 (9th Cir. 2009) ("Because the sentencing guidelines are advisory after *Booker*, the Sixth Amendment does not require that the loss be proved to a jury beyond a reasonable doubt."). Additionally, because the government's evidence meets the "preponderance of the evidence" standard generally applicable to Guidelines fact-finding, the district court did not clearly err in arriving at the tax loss figure. *United States v. Staten*, 466 F.3d 708, 719 (9th Cir. 2006).[1]

However, the district court erred in applying the version of U.S.S.G. § 3C1.1 that appeared in the 2007 Guidelines Manual to the obstruction of justice enhancement instead of the version in the 2005 manual. Generally, the Guidelines Manual to be applied by the district court is the Guidelines Manual in effect at the time of sentencing. *United States v. Rising Sun*, 522 F.3d 989, 992 n.1 (9th Cir. 2008). However, "the Ex Post Facto Clause of the U.S. Constitution requires the

---

[1] The clear and convincing evidence" standard is inapplicable here because the tax loss calculation did not have an *extremely disproportionate* impact on the ultimate sentence imposed. *United States v. Berger*, — F.3d —, 2009 WL 4141478, at *8 (9th Cir, Nov. 30, 2009) (internal quotation marks omitted); *see also United States v. Jordan*, 256 F.3d 922, 928 (9th Cir. 2001) (citing factors relevant to the "disproportionate impact" analysis).

4

defendant to be sentenced under the guidelines in effect at the time of the offense if the Guidelines have undergone substantive changes that would disadvantage the defendant." *United States v. Stevens*, 462 F.3d 1169, 1170 (9th Cir. 2006); *see also* U.S.S.G. § 1B1.11. Substantive amendments to the Guidelines between 2005—the last year in which Mr. Kohler engaged in conduct for which he was convicted—and 2007 render use of this Manual error in this respect.[2]

Under the obstruction of justice enhancement provision in the 2005 Guidelines, the defendant must have "willfully obstructed . . . or attempted to obstruct . . ., the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1 (2005). The evidence demonstrates that Mr. Kohler cut the ledgers in May 2003—during the civil audit and almost two years before the criminal investigation started. This conduct did not occur "during the course of the investigation . . . of

---

[2]Mr. Kohler did not object to the use of the 2007 Guidelines in connection with the obstruction of justice enhancement; nor did he raise an Ex Post Facto challenge. However, Mr. Kohler did not waive this point as he did not "expressly agree[]" to the use of the more recent Guidelines nor did he "affirmatively waive consideration of the [post-amendment] version of the guidelines or abandon an ex post facto argument." *United States v. Chea*, 231 F.3d 531, 540 (9th Cir. 2000). Rather, Mr. Kohler has pressed his argument against the obstruction enhancement throughout these proceedings under the standard set forth in the 2005 Guidelines.

the instant offense of conviction" and could not form the basis of an obstruction of justice enhancement. *See United States v. Ford*, 989 F.2d 347, 352 (9th Cir. 1993).

In 2006, U.S.S.G. § 3C1.1 was amended to remove the strict requirement that the obstructive conduct occur during the criminal investigation or prosecution. *See Rising Sun*, 522 F.3d at 996–97; *see also* U.S.S.G. § 3C1.1 app. note 1. We previously have held that this amendment constituted a substantive change. *See Rising Sun*, 522 F.3d at 997. Because this amendment disadvantaged Mr. Kohler by expanding the scope of conduct that could support an obstruction of justice enhancement, it was error to rely on Mr. Kohler's cutting of his ledgers in 2003 as a basis for imposing the obstruction of justice enhancement.

The district court properly relied on findings that Mr. Kohler urged Ms. Berger to lie and said that he should strangle her in imposing the obstruction of justice enhancement. The district court did not clearly err in choosing to credit Ms. Berger's testimony as to this conduct that did occur during the criminal investigation. *See United States v. Bridges*, 569 F.3d 374, 377 (9th Cir. 2009). It may very well be that the district court would have imposed the obstruction enhancement even applying the version of § 3C1.1 in the correct Guidelines Manual. However, we have held that Ex Post Facto violations at sentencing are not subject to harmless error review, *see Williams v. Roe*, 421 F.3d 883, 887–88

6

(9th Cir. 2005). Therefore, we must vacate the sentence and remand to the district court for re-sentencing using the version of § 3C1.1 in the Guidelines in effect at the time of the conduct underlying the conviction.

**Conviction AFFIRMED; Sentence VACATED and REMANDED**