NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CALIX DAYS GREY,

                Petitioner - Appellant,

        v.

UNITED STATES OF AMERICA,

                Respondent - Appellee.

No. 10-56489

D.C. Nos.    2:10-cv-00607-SJO
             2:07-cr-00938-SJO

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted September 27, 2011**

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

        Federal prisoner Calix Days Grey appeals pro se from the district court's

order denying her motion under 28 U.S.C. § 2255. We have jurisdiction under

28 U.S.C. § 2253, and we reverse and remand for resentencing.

_____

        *       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Grey contends that the sentencing court incorrectly applied the 2007 version of the United States Sentencing Guidelines, rather than the version in effect at the time of the offense, resulting in an increased sentencing range for her wire fraud conviction. She further contends that her trial counsel's failure to object to the error constituted ineffective assistance of counsel.

In denying Grey's habeas motion, the district court did not address Grey's contention that she was sentenced using the incorrect version of the Guidelines. Grey should have been sentenced under the Guidelines in effect at the time of her offense. *See United States v. Stevens*, 462 F.3d 1169, 1170-71 (9th Cir. 2006). In agreeing to use the base offense level from the 2007 version of the Guidelines, counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Furthermore, counsel's deficient performance was prejudicial because there is a reasonable probability that Grey would have received a shorter sentence had the correct version of the Guidelines been used. *See id*, 466 U.S. at 694; *see also United States v. Munoz-Camerena*, 631 F.3d 1028, 1031 (9th Cir. 2011). We therefore reverse the district court and remand for the district court to resentence Grey using the correct version of the Guidelines.

We construe Grey's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**REVERSED and REMANDED.**

10-56489