NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 16, 2008
Decided May 1, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3561

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> LUIS BALBOA-AYALA, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> 07 CR 38 <br><br> Barbara B. Crabb, <br> *Chief Judge*. |

### O R D E R

Mexican citizen Luis Balboa-Ayala was convicted of illegal reentry in the Southern District of Texas in 2005. See 8 U.S.C. § 1126(a). He was sentenced to a three-year term of unsupervised probation and (for the second time)was immediately deported. But he returned to the United States the very next day, and in February 2007 he was arrested by local police in Wisconsin and charged with domestic battery. He was turned over to federal authorities, and in July 2007 he pleaded guilty to being in the United States without permission after removal. See *id.* Balboa-Ayala was sentenced to

46 months' imprisonment in October 2007. He filed a notice of appeal, but his appointed lawyer now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Balboa-Ayala has responded to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our review to the potential issues identified in counsel's brief and Balboa-Ayala's response. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Balboa-Ayala told counsel that he does not want his guilty plea set aside, counsel appropriately omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. See *United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). The only potential issues identified by counsel are whether Balboa-Ayala can challenge the guidelines calculations and whether his prison sentence is reasonable.

Using the November 2006 version of the sentencing guidelines, the probation officer set a base offense level of 8, see U.S.S.G. § 2L1.2(a), and added 12 levels because Balboa-Ayala was first deported after a 2002 conviction for drug trafficking, see *id.* § 2L1.2(b)(1)(B). The probation officer then subtracted three levels for acceptance of responsibility. See *id.* § 3E1.1. In addition, the probation officer proposed a criminal history category of IV. He began by assigning one criminal history point for a conviction for driving without a license, an offense for which Balboa-Ayala received a sentence of 30 days' imprisonment. See *id.* §§ 4A1.1(c), 4A1.2(c)(1). He added three more points for the drug trafficking conviction, which, after an initial probationary sentence was revoked, resulted in a sentence of two years' imprisonment. See *id.* §§ 4A1.1(a), 4A1.2(k). He added one point for the prior § 1326(a) conviction, see *id.* § 4A1.1(c), and two points because the February 2007 state arrest resulted in a conviction and 64-day sentence for "battery," see *id.* § 4A1.1(b). Last, the probation officer added two points, bringing the total up to nine, because Balboa-Ayala committed the second § 1326(a) violation while still on probation for the first. See *id.* § 4A1.1(d). Overall, the probation officer calculated an imprisonment range of 37 to 46 months.

Balboa-Ayala did not object to the probation officer's calculations, although he did mention that his 2007 state conviction was for disorderly conduct, not battery. Balboa-Ayala also contended in a presentence memorandum that his criminal history score was overstated, see § 4A1.3(b), and that consequently he should be sentenced below the guidelines range. Balboa-Ayala reasoned that the guidelines did not account for the additional time he would spend in prison given that his conviction in this case already had led to the revocation of his probation for his drug offense and most

certainly would result in revocation of his probation in the Southern District of Texas. He also reasoned that his conviction for disorderly conduct would have resulted in a shorter jail term, and thus 1 instead of 2 criminal history points, see U.S.S.G. § 4A1.1(c), had he not been sentenced to 64 days as time served. And, last, Balboa-Ayala asserted that he would have received three fewer points had his attorneys in the drug and disorderly-conduct cases delayed his revocation and sentencing proceedings until after sentencing in this case.

At sentencing Balboa-Ayala repeated that he had no objections to the guidelines calculations. He persisted with the argument that his criminal history category was overstated and also contended that he deserved lenience because he had learned English and his previous employer had complimented his work ethic. The district court, in analyzing the factors under 18 U.S.C. § 3553(a), rejected Balboa-Ayala's argument that his criminal history category was overstated. The court catalogued his prior crimes, and, though praising Balboa-Ayala for working hard and learning English, concluded that his return to the United States in violation of the probationary sentences he was serving for other convictions demonstrated that a sentence within the guidelines was necessary to prevent him from committing further crimes. The court accepted the probation officer's recommended range of 37 to 46 months' imprisonment and imposed a 46 month term to run consecutively to his prison term for the drug offense.

Counsel correctly concludes that challenging Balboa-Ayala's prison sentence would be frivolous. Because Balboa-Ayala did not object to the guidelines calculations, he has forfeited any challenge, see *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848-49 (7th Cir. 2005), and limited our review to a search for plain error, see *United States v. Wainwright*, 509 F.3d 812, 815 (7th Cir. 2007). Counsel has not identified any error in the guidelines calculations, let alone a plain error. And counsel correctly concluded that it would be frivolous to argue that the sentence was unreasonable, based on the idea that the district court was somehow compelled to accept Balboa-Ayala's contention that his criminal history category is overstated and should have imposed a below-range sentence. We presume that a sentence within the guidelines range is reasonable. See, *e.g., United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court explicitly addressed Balboa-Ayala's argument for a lower sentence and explained its reasons for rejecting that argument. Nothing more was required. See *United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006); *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005).

In his Rule 51(b) response Balboa-Ayala proposes to argue that competent counsel would have scheduled his sentencing in this case before the conclusion of his state cases so that he would have had fewer criminal history points. But Balboa-Ayala did not even decide to plead guilty in this case until after his probation for the drug conviction had been revoked and his sentence for the disorderly-conduct conviction had been served, so we cannot see how counsel in the *federal* case could have done anything to forestall the additional criminal history points.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.