NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 24, 2008
Decided July 31, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

Nos. 07-1598 & 07-2176

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 06 CR 30034 |
| | |
| BILLY JOE BOWSER and | Jeanne E. Scott, |
| MELISSA S. BOWSER, | *Judge.* |
| *Defendants-Appellants.* | |

**ORDER**

Undercover federal agents entered an internet chat room in which participants exchanged child pornography. They downloaded two images of child pornography from a computer with an internet protocol address registered to Melissa Bowser. During a lawful search of their home, Melissa Bowser and her husband, Billy Joe Bowser, confessed separately to viewing and downloading images of child pornography and to permitting other collectors of child pornography to download images from their computers through the chat room. Melissa admitted to transferring

images to Billy Joe, and a forensic evaluation of her computer revealed a child-pornography collection of 268 still images and four movies (each counting as 75 still images), including one masochistic image of a girl between the ages of 10 and 12. Billy Joe admitted to keeping in excess of 20,000 images on his computer and to sending a school picture of his minor child to other participants; a forensic evaluation uncovered images depicting violent acts and children under 12, and also disclosed that Billy Joe had discussed in the chat room sex acts he said he performed with his child. Both defendants pleaded guilty to three counts: one for receiving child pornography, *see* 18 U.S.C. § 2252A(a)(2)(A), one for shipping and transporting child pornography, *see id.* § 2252A(a)(1), and one for possessing child pornography, *see id.* § 2252A(a)(5)(B). Billy Joe was sentenced to 240 months, within the applicable guidelines range of 235 to 293 months. Melissa was sentenced to 156 months' imprisonment, the low end of her range of 151 to 181 months.

Billy Joe and Melissa both filed notices of appeal, but their appointed lawyers seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot discern a nonfrivolous issue to pursue. Counsel's supporting briefs are facially adequate. We invited the defendants to comment on the motions to withdraw, *see* CIR. R. 51(b); Billy Joe has not replied, and Melissa's response is limited to a request for substitute counsel. Thus, we limit our review to the potential issues identified in counsel's briefs. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Both defendants have instructed counsel not to contest their guilty pleas, and therefore counsel's submissions appropriately omit any discussion of the adequacy of the plea colloquies or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). The only potential issues identified by counsel for either defendant concern the validity of the district court's application of the sentencing guidelines and the reasonableness of the defendant's prison sentences.

The same probation officer dealt with both cases, and, using the November 2006 edition of the sentencing guidelines, she made the same adjustments in calculating each defendant's offense level. To the base offense level of 22, *see* U.S.S.G §§ 2G2.2(a)(2), the probation officer added two levels because some images depicted minors under 12, *see id.* § 2G2.2(b)(2), another five levels because the defendants had distributed child pornography in expectation of receiving a thing of value in return, *see id.* § 2G2.2(b)(3)(B), four more levels because there were images depicting sadomasochistic or other violent conduct, *see id.* § 2G2.2(b)(4), two levels because the defendants had used a computer to commit the offenses, *see id.* § 2G2.2(b)(6), and, finally, five levels

because the number of images exceeded 600 (the actual number on Billy Joe's computer was more than 95,000), *see id.* § 3E1.1. A three-level reduction for acceptance of responsibility yielded a total offense level of 37. Billy Joe received three criminal history points for two drunk-driving convictions, resulting in a guidelines range of 235 to 293 months. Melissa had no previous convictions, so the probation officer's calculations would have resulted in an imprisonment range of 210 to 262 months. In the case of both defendants, however, the probation officer wrongly concluded that the upper end of the guidelines range was capped at 240 months because none of the counts of conviction carried a maximum prison term exceeding 20 years. *See* U.S.S.G. § 5G1.2(d).

At sentencing Billy Joe objected to the five-level upward adjustment for exchanging images with the expectation that he would receive something of value in return. Billy Joe testified that he obtained about 75% of his child-pornography images from another participant in the chat room, that he gave this participant a few images, that neither of them expected the other to reciprocate, and that he had some control over who accessed the chat room. Billy Joe also quibbled with the probation officer's calculation of the number of images that he possessed, although he conceded that the total exceeded 1200 and acknowledged that 20,000 was the number he gave when his home was searched. The district court adopted the probation officer's calculations. The court concluded that the upward adjustment for bartering was justified because Billy Joe had admitted to obtaining the images through a website dedicated to trading child pornography and to allowing other users to download his images, including the school picture of his daughter. Billy Joe then asked for a sentence at the low end of the guidelines range, if not below. As grounds, he argued that he had demonstrated a desire to cooperate and get treatment and that his criminal history category overstated the seriousness of his criminal history. The court responded that Billy Joe's guidelines calculations had included a downward adjustment for cooperation and that he deserved the "maximum" possible sentence because he was deeply involved in creating a market for images of abused children. Like the probation officer, however, the court thought that 20 years was the upper limit, and after "weighing all of the statutory factors," *see* 18 U.S.C. § 3553(a), the court imposed concurrent sentences totaling 240 months.

Melissa also objected to the upward adjustment for bartering, which the district court overruled because she had received and distributed images through the chat room. The district court, though, sustained her objection to the number of images and found her responsible only for the 568 total images found on her computer, which reduced that upward adjustment by one level. *See* U.S.S.G. § 2G2.2(b)(7)(C). The

district court found that Melissa understood the scope of the offense and thus overruled her objection that she deserved a four-level reduction for being a minimal participant, *see id.* § 3B1.2(a), but the court nonetheless characterized her involvement as minor and granted a two-level reduction, *see id.* § 3B1.2(b).  With a total offense level of 34 and a criminal history category of I, Melissa's imprisonment range was 151 to 188 months.  Melissa then argued that she deserved a below-guidelines sentence because, she insisted, her range was higher than the median sentence for pornography and prostitution offenses, she had no criminal history, and she suffered from severe depression but had previously been unable to afford treatment.  The district court responded that this case involved more images, and more horrific images, than the typical pornography case; that Melissa's lack of a criminal history had been reflected in the guidelines calculations; and that after the downward adjustment for her role in the offense and the reduced upward adjustment for the number of images, her guidelines range accurately reflected Billy Joe's greater culpability.  After considering several statutory factors, *see* § 18 U.S.C. 3553(a), the court imposed concurrent terms totaling 156 months.

        Counsel for both defendants correctly recognize that any challenge to the guidelines calculations would be frivolous.  The only potential argument perceived by counsel for either defendant concerns the upward adjustment for exchanging child pornography in the expectation of receiving a thing of value in return.  But the defendants downloaded and received images of child pornography in a chat room dedicated to that purpose and therefore exchanged child pornography in return for a "thing of value."  *See* U.S.S.G. § 2G2.2(b)(3)(B), & cmt. 1; *United States v. Wainwright*, 509 F.3d 812, 815-16 (7th Cir. 2007).

        As far as whether the sentences are reasonable, counsel for both defendants correctly conclude that it would be frivolous to argue that the district court was compelled to sentence either defendant below his or her guidelines range.  We presume that a sentence within the guidelines range is reasonable.  *See, e.g., United States v. Nitch*, 477 F.3d 933, 937 (7th Cir. 2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  The district court addressed each defendant's arguments for a lower sentence and explained its reasons for rejecting them.  Nothing more was required.  *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006); *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005).  Moreover, Billy Joe received a lucky break because the district court, although wanting to impose the "maximum" prison term under the guidelines range, did not understand that it could impose consecutive sentences to achieve that goal--a term 53 months longer than the sentence he received.  *See* U.S.S.G.

§ 5G1.2; *United States v. Thompson*, 523 F.3d 806, 814 (7th Cir. 2008).  And because the government did not cross-appeal, we cannot increase his sentence.  *See Greenlaw v. United States*, 128 S. Ct. 2559, 2562 (2008).

Counsel's motions to withdraw are GRANTED, and the appeals are DISMISSED.