NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 11, 2009
Decided March 11, 2009

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2822

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee,* <br><br>    *v.* <br><br> ALFREDO T. MENDEZ, <br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 08-CR-46-C-01 <br><br> Barbara B. Crabb, <br> *Chief Judge*. |

**O R D E R**

Alfredo Mendez pleaded guilty to one count of distributing cocaine. *See* 21 U.S.C. § 841(a)(1). The district court selected a 54-month sentence, which was in the middle of the guidelines range. Mendez filed a notice of appeal, but his appointed counsel now seek to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because they cannot discern a nonfrivolous basis for appeal. Mendez has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begin by telling us that Mendez does not wish to challenge his guilty plea. So counsel appropriately refrain from discussing whether Mendez could argue that his plea was not voluntary. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel next consider whether Mendez could challenge the calculation of his guidelines range. Counsel have explained in detail the district court's application of the guidelines, but the only potential errors they identify are the court's conclusion as to the amount of drugs Mendez was responsible for and its decision to increase Mendez's offense level by two levels under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon while selling drugs. Mendez did not object to the guidelines calculation at the sentencing hearing; thus, our review would be for plain error. *United States v. Wainwright*, 509 F.3d 812, 815 (7th Cir. 2007).

Any challenge to the relevant conduct included in the overall drug quantity would be frivolous. A court may base a defendant's sentence on relevant conduct that is "part of the same course of conduct or common scheme as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *United States v. Wilson*, 502 F.3d 718, 723 (7th Cir. 2007); *United States v. Ortiz*, 431 F.3d 1035, 1040 (7th Cir. 2005). The record contains ample evidence that all of the relevant conduct included in the drug quantity was part of Mendez's ongoing drug-sales activities. Mendez admitted that he sold 55 grams of cocaine to an undercover officer, and, according to the uncontested facts in the presentence investigation report, Mendez also sold cocaine to the same officer on two other occasions. All three of these similar transactions occurred within a few months of each other. Furthermore, after Mendez's arrest, the police found in his home "re-sale quantities" of marijuana and cocaine, along with scales and plastic baggies, all materials necessary to advance Mendez's operation.

We also agree with counsel that any argument that the district court erred in applying the weapons adjustment would be frivolous. Mendez stipulated in the plea agreement that this adjustment was warranted; thus, he has waived the right to challenge it on appeal. *See United States v. Siegler*, 272 F.3d 975, 978 (7th Cir. 2001).

Furthermore, counsel is correct that a challenge to the reasonableness of Mendez's 54-month prison term would be frivolous. A within-guidelines sentence like Mendez's is presumptively reasonable on appeal. *See United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And the district court considered the relevant factors under 18 U.S.C. § 3553(a), balancing Mendez's steady employment history and care for his children against evidence that he sold stolen property, attempted to sell a gun to an undercover police officer, created fraudulent identification documents, and illegally reentered the country after he was deported.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.